NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3015

SHIA-LU C. VANDEGRIFT,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED:  March 14, 2006

_____

Before RADER, SCHALL, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Department of Agriculture's (Agency) decision to remove Ms. Shia-Lu C. Vandegrift from her position as a computer specialist with the Agency's Office of the Chief Information Officer. See Vandegrift v. Dep't of Agriculture, DC-0752-05-0005-I-1 (M.S.P.B. 2005).  Because this court does not have jurisdiction to review Ms. Vandegrift's mixed case on the merits, this court dismisses for lack of jurisdiction.

BACKGROUND

The Agency proposed removing Ms. Vandegrift from her position for:

(1) Deliberate and malicious refusal to comply with rules, regulations, written procedures, and proper supervisory instructions; (2) use of malicious, derogatory, discourteous, and otherwise inappropriate

language and other conduct toward her supervisor and fellow employees; (3) failure to comply with proper procedures for requesting and receiving leave approval; (4) unauthorized absence, including unexcused tardiness and leaving the workstation without permission and before the end of the day; and (5) use of government-provided services for inappropriate purposes.

Id., slip op. at 1-2. In response, Ms. Vandegrift filed discrimination complaints against the Agency, alleging

that her removal was the result of discrimination based on her age (date of birth 2/19/38), national origin (Chinese), race (Asian), and reprisal for her prior equal employment opportunity (EEO) activity.

Id., slip op. at 2. The Equal Employment Opportunity Commission consolidated Ms. Vandergrift's complaints, and instructed the Agency to process the case as a mixed case. Id. Thereafter, the Agency issued a final decision concluding it had not discriminated against Ms. Vandegrift as alleged and that she should indeed be removed from her position as initially proposed. This decision was upheld by the Board on appeal. Id., slip op. at 23. The present appeal followed.

## DISCUSSION

This court has jurisdiction to review decisions of the Merit Systems Protection Board pursuant to 28 U.S.C. § 1295(a)(9). Under § 1295(a)(9), this court lacks jurisdiction to review a mixed case appeal decided on the merits that involves allegations of discrimination and retaliation without a waiver of such claims. See Williams v. Dep't of Army, 715 F.2d 1485 (Fed. Cir. 1983) (en banc).

Ms. Vandegrift's appeal presents the court with a mixed case prohibited under Williams. Specifically, Ms. Vandegrift alleges discrimination and retaliation were the basis for the Agency's removal decision, and she has not waived these claims on

appeal.  Thus, this court lacks jurisdiction to entertain the present appeal.  The appeal is hereby dismissed for want of jurisdiction.